IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| MYSHEL STOLTENBERG, | Civil Action No. 2:24-CV-01337-CB-CBB |
| Plaintiff, | United States District Judge Cathy Bissoon |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | United States Magistrate Judge Christopher B. Brown |
| Defendant, | |

**MEMORANDUM OPINION**

**ON MJM LAW, PLLC'S MOTION TO INTERVENE, ECF NO. 21**

I. **Introduction**

Plaintiff Myshel Stoltenberg ("Stoltenberg") brought this insurance coverage dispute against Defendant State Farm Fire and Casualty Company ("State Farm"), alleging State Farm breached the insurance policy and acted in bad faith after her home was damaged by construction. ECF No. 1.

Presently pending before the Court is MJM Law, PLLC's ("MJM Law") Motion to Intervene for the Limited Purpose of Asserting Charging Lien Against Proceeds of Settlement or Judgment in Favor of Plaintiff ("Motion to Intervene"). [1]

---

[1] A motion to intervene is a non-dispositive motion and appropriately decided by a federal magistrate judge. *Dewey v. Volkswagen Aktiengesellschaft*, 558 F. App'x 191, 198, n. 6 (3d Cir. 2014). *See also Symbiont Sci. Eng'g & Constr., Inc. v. Ground Improvement Servs., Inc.*, No. CV 22-4905, 2024 WL 378691, at *2, n. 1 (D.N.J. Feb. 1, 2024) ("This opinion and the accompanying order resolve a non-dispositive motion pursuant to 28 U.S.C. § 636(b)); *DLCA, LLC v. Balance Point Divorce Funding, LLC*, No. 2:18-CV-01867, 2018 WL 4676045, at *1 (D.N.J. Sept. 28, 2018) ("Motions to intervene are considered non-dispositive motions"). Appeals from Orders issued by a Magistrate Judge on non-dispositive motions are subject to the "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); LCvR 72.C.2. ("Any party may object to a Magistrate Judge's determination made under this rule within fourteen (14) days after the date of service of the Magistrate Judge's order[.]").

ECF No. 21.  MJM Law is Plaintiff's prior counsel who she discharged before filing the Complaint.  ECF No. 21 at ¶ 8.  MJM Law alleges Plaintiff has not paid it for its work from July 18, 2024 – August 12, 2024 and is seeking to intervene to assert a charging lien against any settlement or judgment in favor of Plaintiff.  *Id*. at ¶¶ 9-14.

The Motion to Intervene is fully briefed and ripe for consideration.  ECF Nos. 21-22, 24-26.  Plaintiff opposes the Motion to Intervene, and State Farm takes no position.  ECF Nos. 24-26.

Based on the following, MJM Law's Motion to Intervene (ECF No. 21) is DENIED without prejudice to MJM Law's right to file an independent action.  The Court takes no position on whether MJM Law is entitled to the funds it seeks.

## II.    Factual and Procedural Background

Plaintiff initially brought this action in the Court of Common Pleas of Allegheny County on August 22, 2024.  ECF No. 1.  State Farm removed it to the United States District Court for the Western District of Pennsylvania on September 23, 2024.  *Id*.  Plaintiff is currently represented by the firm AlpernSchubert, P.C.

The following information is taken from MJM Law's Motion to Intervene and accompanying Brief.  ECF Nos. 21-22.  MJM Law states that Plaintiff retained the firm on May 3, 2024 under an Hourly Agreement.  ECF No. 21 at ¶ 2.  MJM Law and Plaintiff proceeded under the Hourly Agreement from May 3, 2024 until July 18, 2024.  *Id*. at ¶ 4.  According to both Plaintiff and MJM Law, current counsel for

Plaintiff has confirmed a charging lien on the file for work performed under the Hourly Agreement. *Id.* at ¶ 3.

On July 18, 2024, Plaintiff and MJM Law executed a Contingency Agreement to replace the Hourly Agreement. *Id.* at ¶ 4. As relevant here, the Contingency Agreement provided that MJM Law would be entitled to ten percent (10%) of gross recovery in the matter if representation was terminated after the commencement of services and prior to the filing of the Complaint. *Id.* at ¶ 6. Plaintiff discharged MJM Law on August 12, 2024. *Id.* at ¶ 8. Plaintiff then retained new counsel and filed a Complaint on August 22, 2024. ECF No. 1.

### III. Discussion

MJM Law is seeking to intervene to recover payment for the work it did under the Contingency Agreement. ECF No. 22. It is seeking to intervene for the limited purpose of asserting a charging lien against any proceeds of settlement or judgment in favor of Plaintiff. *Id.* It does so under Federal Rule of Civil Procedure Rule 24 which provides two ways for a third party to intervene – as of right, and by permission. Fed. R. Civ. P. 24. These are discussed in turn.

#### a. Intervention as of Right – Fed. R. Civ. P. 24(a)(2)

MJM Law first seeks to intervene as of right under Federal Rule of Civil Procedure 24(a)(2). ECF No. 22 at 3-6. MJM Law has not met the requirements to intervene as of right, and its Motion to Intervene under Rule 24(a)(2) is DENIED.

Under Rule 24(a)(2), the court must permit intervention as of right to a third-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a

practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). A third-party seeking intervention as of right must show: (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) that interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987). Plaintiff does not challenge whether the Motion was timely under the first factor. ECF Nos. 25-26.

Under factor two, MJM Law argues that it has a sufficient interest in the litigation because it satisfies the requirements for a charging lien under Pennsylvania law. ECF No. 22 at 6. Plaintiff agrees that MJM has an interest in "relating to the property or transaction which is the subject of the case." ECF No. 26 at 1. But Plaintiff disagrees that MJM is "so situated that the disposition of this action may … impair or impede the applicant's ability to protect that interest." *Id*. Further Plaintiff disagrees that MJM can show "their interests cannot be adequately represented by existing parties." *Id*. Plaintiff notes that she intends to challenge the validity of the Contingency Agreement for having excessive fees for such a short period of work and because she was allegedly forced to sign it under duress. ECF No. 25 at ¶¶ 6, 12. Because of this, she argues the fee dispute is "outside the scope" of the text to determine if a party should be able to intervene as

4

of right and would require "separate litigation involving issues completely outside the scope of the case." ECF No. 26 at 2.

The Court finds that MJM Law does not have a sufficient interest in the subject of this action under factor two. First, "Rule 24 states that an intervenor must claim 'an interest relating to the property or transaction that *is the subject of the action*....'" *Smiley v. E.I. Du Pont De Nemours & Co.,* No. CV 3:12-2380, 2020 WL 5632371, at *2 (M.D. Pa. Sept. 21, 2020) (denying motion to intervene as claim for attorney's fees under contingency fee agreement was "collateral" to subject of lawsuit) (emphasis in original). This current action involves Plaintiff's claims of breach of contract and bad faith in an insurance coverage dispute against State Farm. ECF No. 1. MJM Law's interest is limited to recovery of attorney's fees, which is not the subject of the present suit. Plaintiff also indicates that she intends to dispute the validity of the Contingency Agreement. ECF Nos. 24-25. Litigating the validity of the Contingency Agreement would require separate discovery and briefing from the pending breach of contract/bad faith dispute between Plaintiff and State Farm, highlighting the differences between the disputes. *See also Susquenita Sch. Dist. v. G.W. ex rel. A.P.*, No. 1:10-CV-1897, 2012 WL 1268219, at *3 (M.D. Pa. Apr. 13, 2012) ("Contrary to [intervening attorney and firm's] apparent belief, the subject of this action is not an award of attorney's fees. Rather the subject of this action is an award of compensatory education for a high school senior.") Under Rule 24, the "proposed 'interest' [in attorney's fees] has no basis in law and is against public policy." *Id.*

It is also well established that "a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 221 (3d Cir. 2005). "[R]eceiving payment for work already performed" is an economic interest that is therefore insufficient to support intervention. *Luster v. Puracap Lab'ys, LLC*, No. CV 18-503-MN-JLH, 2023 WL 157638, at *3 (D. Del. Jan. 11, 2023). This is true even when the payment is via a contingency agreement. *See Smiley*, 2020 WL 5632371, at *2.

MJM Law is also unsuccessful under the third and fourth factors. MJM Law argues, without elaborating, that its interest will be affected by the disposition of the action and that Plaintiff's current counsel is not able to adequately represent it interest in the contingency fee. ECF No. 22 at 3, 6. Plaintiff agrees that MJM Law would be entitled to "some measure" of fees for the work the firm did between July 18-August 12, 2024. ECF No. 26 at 2-3. Plaintiff also states that her current counsel has already guaranteed payment out of the settlement funds for work that MJM Law performed under the original Hourly Agreement, so MJM Law must "concede" that its interest can be protected here. *Id.*

Given MJM Law's cursory analysis, it is not clear why MJM Law believes it will be harmed without the right to intervene or why its rights are not adequately represented. As the Court is denying the Motion to Intervene without prejudice to MJM Law's right to file an independent action, MJM Law can bring a separate suit for the fees it believes it is owed under the Contingency Agreement. *See Smiley*,

2020 WL 5632371, at *2 (denying without prejudice for right to file an independent cause of action).

And to the extent that MJM Law is concerned about the outcome of the case, that is one area where its interests and Plaintiff's interests overlap – as any plaintiff would, Plaintiff here would want the largest judgement or settlement she is entitled to as well. *See Susquenita Sch. Dist.,* 2012 WL 1268219, at *5 ("[W]hatever feelings of mistrust and animosity may exist between Ms. Husic and RCG and their former clients, G.W. and his parents have an interest in maximizing the amount of settlement both to ensure that G.W. receives adequate compensatory education and to ensure that they are not forced to pay any legal fees out of pocket").

Finally, to the extent that MJM Law is arguing it should be permitted to intervene in order to participate in litigating the case's outcome or in settlement negotiations, that argument must fail. Plaintiff already terminated MJM Law and allowing the firm to participate in such negotiations would prejudice her right to choose her own counsel and could "result in conflicting decisions about how to conduct or resolve this litigation." *See Joy B. (individually & as Parent & Nat. Guardian of C.L.) v. Freehold Regional School District,* No. CV 20-17285, 2021 WL 3773651, at *4 (D.N.J. Aug. 25, 2021).

### a. Permissive Intervention – Fed. R. Civ. P. 24(b)

In the alternative, MJM Law seeks permission to intervene under Rule 24(b). ECF No. 22 at 7-8. The Court likewise DENIES the Motion to Intervene under this Rule.

Under Rule 24(b), the court can exercise its discretion to authorize permissive intervention where the third-party makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  The decision whether to grant permissive intervention is "highly discretionary." *Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992).  In exercising its discretion, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

MJM Law argues it should be permitted to intervene under Rule 24(b) because the charging lien "shares with the main action common questions of law and fact."  ECF No. 22 at 7.  Plaintiff opposes.  ECF No. 26 at 2.

The Court will deny the Motion to Intervene under Rule 24(b).  MJM Law's Motion to Intervene, as it deals with attorney's fees, does not share a common question of law or fact with the Plaintiff's insurance coverage dispute against State Farm.  These are separate and independent causes of action and would require separate discovery and briefing.  *See Joy B. (individually & as Parent & Nat. Guardian of C.L.)*, 2021 WL 3773651, at *4 (denying motion to intervene to recover attorneys fees as it did not share common question of law or fact with litigation on child's educational needs").  This separate litigation would also add unnecessary complexities to this case and create undue delay.

## IV.     Conclusion

MJM Law's Motion to Intervene (ECF No. 21) is DENIED without prejudice to MJM Law's right to file an independent action.  The Court takes no position on whether MJM Law is entitled to the funds it seeks under the Contingency Agreement.

DATED this 23rd day of September, 2025.

BY THE COURT:


s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

CC:   Hon. Cathy Bissoon
      United States District Judge

      All counsel of record, *via ECF*